IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **REYNALDO CISNEROS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 1:21-cv-00106 |
| v. | § | |
| | § | |
| **ERIC WILLIAMS and** | § | |
| **FRANKLIN CREDIT MANAGEMENT** | § | |
| **CORPORATION,** | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM**

Defendant/Counter-Plaintiff Franklin Credit Management Corporation ("Defendant" or "Franklin"), files this its Original Answer to the *Original Petition to Set Aside Foreclosure and Application for Temporary Restraining Order* (the "Petition") and Counterclaim against Plaintiff Reynaldo Cisneros ("Plaintiff") for a declaratory judgment, and states as follows:

**I. ANSWER**

1. The allegations contained in Paragraph 1.01 of the Petition concern a state-court discovery designation and thus do not require a response.

2. Franklin admits the allegations contained in Paragraph 2.01 of the Petition.

3. With respect to Paragraph 2.03 of the Petition, Franklin admits it is a foreign corporation and that it has voluntarily appeared in this matter.[1]

4. Franklin is without sufficient information or belief to admit or deny the allegations contained in Paragraph 2.04 of the Petition and therefore denies same.

5. Franklin is without sufficient information or belief to admit or deny the

---

[1] The Petition does not contain a paragraph 2.02

allegations contained in Paragraph 2.05 of the Petition and therefore denies same.

6. With respect to Paragraph 3.01 of the Petition, Franklin admits that jurisdiction and venue are proper in this Court, the United States District Court for the Southern District of Texas, Brownsville Division.

7. With respect to Paragraph 4.01 of the Petition, Franklin admits that 1963 Royal Oak Drive, Brownsville, Texas 78520 is the subject real property of this action.

8. With respect to Paragraph 4.02 of the Petition, Franklin admits that 1963 Royal Oak Drive, Brownsville, Texas 78520 is the subject real property of this action.

9. With respect to Paragraph 5.01 of the Petition, Franklin admits that Plaintiff had two separate loan agreement in the amount of $124,000.00 and $31,000.00, respectively.

10. Franklin admits the allegations contained in Paragraph 5.02 of the Petition.

11. Franklin admits the allegations contained in Paragraph 5.03 of the Petition.

12. With respect to Paragraph 5.04 of the Petition, the allegation refers written documents that speak for themselves. Insofar as a response is required, Franklin denies the allegations in this paragraph.

13. Franklin is without sufficient information or belief to admit or deny the allegations contained in Paragraph 5.05 of the Petition and therefore denies same.

14. Franklin is without sufficient information or belief to admit or deny the allegations contained in Paragraph 5.06 of the Petition and therefore denies same.

15. With respect to Paragraph 5.07 of the Petition, Franklin admits that a foreclosure sale of the subject property was conducted on December 1, 2020.

16. Franklin admits the allegations contained in Paragraph 5.08 of the Petition.

17. Franklin admits the allegations contained in Paragraph 5.09 of the Petition.

18. Franklin denies the allegations contained in Paragraph 5.10 of the Petition.

19. Franklin denies the allegations contained in Paragraph 5.11 of the Petition.

20. Paragraph 6.01 of the Petition contains a legal conclusion for which no response thereto is required. To the extent a response is required, Franklin denies the same.

21. Paragraph 6.02 of the Petition contains a legal conclusion for which no response thereto is required. To the extent a response is required, Franklin denies the same.

22. Franklin is without sufficient information or belief to admit or deny the allegations contained in Paragraph 6.03 of the Petition and therefore denies same.

23. Franklin is without sufficient information or belief to admit or deny the allegations contained in Paragraph 6.04 of the Petition and therefore denies same.

24. Franklin is without sufficient information or belief to admit or deny the allegations contained in Paragraph 6.05 of the Petition and therefore denies same.

25. Franklin denies that Plaintiff is entitled to any of the relief requested in Paragraph 7.01 of the Petition.

26. Franklin denies that Plaintiff is entitled to any of the relief requested in Paragraph 8.01 of the Petition.

27. Franklin is without sufficient information or belief to admit or deny the allegations contained in Paragraph 8.02 of the Petition and therefore denies same.

28. Franklin is without sufficient information or belief to admit or deny the allegations contained in Paragraph 8.03 of the Petition and therefore denies same.

29. Franklin is without sufficient information or belief to admit or deny the allegations contained in Paragraph 8.04 of the Petition and therefore denies same.

30. Franklin is without sufficient information or belief to admit or deny the

allegations contained in Paragraph 8.05 of the Petition and therefore denies same.

31.     Paragraph 8.06 of the Petition contains a legal conclusion for which no response thereto is required. To the extent a response is required, Franklin denies the same.

32.     Franklin is without sufficient information or belief to admit or deny the allegations contained in Paragraph 8.07 of the Petition and therefore denies same.

33.     Franklin is without sufficient information or belief to admit or deny the allegations contained in Paragraph 8.08 of the Petition and therefore denies same.

34.     Paragraph 8.09 of the Petition contains a legal conclusion for which no response thereto is required. To the extent a response is required, Franklin denies the same.

35.     Franklin denies that Plaintiff is entitled to any of the relief requested in Paragraph 9.01 of the Petition.

36.     Paragraph 9.02 of the Petition contains a legal conclusion for which no response thereto is required. To the extent a response is required, Franklin denies the same.

37.     Franklin denies that Plaintiff is entitled to any of the relief requested in Paragraph 10.01 of the Petition.

38.     Paragraph 10.02 of the Petition contains a legal conclusion for which no response thereto is required. To the extent a response is required, Franklin denies the same.

39.     Franklin denies that Plaintiff is entitled to any of the relief requested in Paragraph 11.01 of the Petition.

## II.  AFFIRMATIVE DEFENSES

Franklin raises the following defenses:

1.     Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief may be granted.

2. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, because one or more of the material obligations of the note and security instrument have not been satisfied.

3. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the equitable doctrine of waiver.

4. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the Parol Evidence Rule.

5. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the applicable statute of limitations.

6. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the waiver provisions contained in the security instrument at issue in this lawsuit.

7. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the failure of a condition precedent.

8. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by his prior material breach of the loan agreement.

9. While Franklin denies that Plaintiff suffered any injury, any injury sustained by Plaintiff is the result of the acts or omissions of third parties, over which Franklin exercised no control.

11. While Franklin denies that Plaintiff suffered any damages, Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiff, and said acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.

12. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the "one satisfaction" and "con-tort" doctrines.

13. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the "economic loss" doctrine.

14. Franklin claims all offsets and credits available to it.

15. Some or all of Plaintiff's claims and causes of action fail for lack of consideration.

16. Some or all of Plaintiff's claims and causes of action are barred by the doctrines of judicial estoppel, res judicata, and collateral estoppel.

17. Some or all of Plaintiff's claims and causes of action are barred by the doctrine of equitable estoppel.

18. Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiff, and these acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any. Franklin claims the right to a determination of proportionate responsibility as provided in Chapter 33 of the Texas Civil Practice and Remedies Code.

19. Any alleged prior acceleration of the subject debt was waived, abandoned or rescinded.

### III. COUNTERCLAIM AGAINST PLAINTIFF

**A.    Parties**

1. Plaintiff/Counter-Defendant Reynaldo Cisneros ("Plaintiff") has previously appeared herein through counsel and may be served through counsel of record.

2. Defendant/Counter-Plaintiff Franklin Credit Management Corporation ("Franklin") has previously appeared herein through the undersigned counsel.

**B.    Property**

3.    This proceeding concerns the real property and improvements commonly known as 1963 Royal Oak Drive, Brownsville, Texas 78520, and more particularly described as:

> LOT 45, BLOCK 1, NORTHWOOD SUBDIVISION NO. 3; CAMERON COUNTY, TEXAS, ACCORDING TO MAP RECORDED IN CABINET 1, PAGE 2143-A, MAP RECORDS, CAMERON COUNTY, TEXAS.

(the "Property").

**C.    Jurisdiction and Venue**

4.    There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiff and Franklin, and more than $75,000.00 is in controversy, exclusive of interest and costs. 28 U.S.C. § 1332.

5.    In a declaratory judgment action, the amount in controversy "is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998) (internal citations omitted). As of the date of this counterclaim, the fair market value of the subject real property, as indicated by the Cameron County Central Appraisal District, is at least $192,468.00.  (*See* ECF No. 1-1, 69.) Therefore, the $75,000.00 minimum-amount-in controversy threshold is met.

6.    Venue is proper in this Court because the Property is located in Cameron County, Texas.

**D.    Facts**

7.    The foregoing paragraphs are incorporated by reference for all purposes.

8.    On or about August 12, 2005, Plaintiff executed a *Purchase Money Note* ("Note") in the original principal balance of $31,000.00 that was payable to MILA, Inc. d/b/a Mortgage Investment Lending Associates, Inc. ("MILA").

9. The Note was secured with a lien on the Property by a *Purchase Money Security Document (Second Line)* ("Security Instrument", together with the Note, the "Loan") in favor of MILA, which was recorded in the official records of Cameron County, Texas as Instrument No. 00047566.

10. MILA assigned the Security Instrument to Franklin as evidenced by that *Assignment of Mortgage*, which was recorded in the official records of Cameron County, Texas as Instrument No. 00011322.

11. The Loan provides that should Plaintiff fail to make payments on the Loan as they became due and payable, or should Plaintiff fail to comply with any or all of the covenants and conditions of the Security Instrument, then the lender may enforce the Loan by selling the Property pursuant to applicable law and in accordance with the provisions set out therein.

12. Plaintiff failed to make payments under the terms of the Loan. Accordingly, Defendant on September 1, 2020 provided Plaintiff with a timely notice of default and intent to accelerate, notifying him of the amount owed on the debt and providing him notice that this debt needed to be paid or the total amount owed on the Loan would be accelerated. Plaintiff failed to timely cure the default, and all payments owed on the Loan were accelerated. Plaintiff was provided a notice of acceleration and a notice of foreclosure sale on November 4, 2020 for a foreclosure sale to occur on December 1, 2020.

13. On December 1, 2020, the substitute trustee conducted a foreclosure sale of the Property pursuant to the Security Instrument. Eric Williams was the highest and best bidder and the substitute trustee executed a Substitute Trustee's Deed that conveyed the Property to Eric Williams. The substitute trustee's deed was recorded on December 23, 2020 in the official records of Cameron County, Texas as Instrument No. 00047831.

E. **Cause of Action - Declaratory Judgment**

14. The foregoing paragraphs are incorporated by reference for all purposes.

15. The federal Declaratory Judgment Act states, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Federal courts have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995).

16. Franklin seeks a declaratory judgment that Plaintiff was provided all notice of default, acceleration and foreclosure sale required by law and that the foreclosure sale conducted on December 1, 2020 validly conveyed title of the Property to Williams.

**WHEREFORE, PREMISES CONSIDERED**, Franklin prays the Court enter judgment that: Plaintiff take nothing on his claims; Franklin Credit have and recover a declaratory judgment that the foreclosure sale conducted on December 1, 2020 is valid. Franklin further requests such other and further relief to which it may be entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    Southern District Bar No. 21340
    mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT FRANKLIN CREDIT MANAGEMENT CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned further certifies that on July 16, 2021, a true and correct copy of the foregoing document was delivered via regular U.S. mail to the following counsel of record:

Luis R. Hernandez, Esq.
Zayas & Hernandez, PC
950 E. Van Buren St.
Brownsville, Texas 78520
*Counsel for Plaintiff*

Heather N. Sutton, Esq.
hsutton@mcguirewoods.com
MCGUIREWOODS LLP
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
*Attorneys for Defendant Mr. Cooper Group Inc.*

    */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**