United States District Court
Southern District of Texas
**ENTERED**
September 22, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| REYNALDO CISNEROS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-106 |
| | § | |
| ERIC WILLIAMS, <u>et al.</u>, | § | |
|     Defendants. | § | |

### <u>REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

On June 25, 2021, Plaintiff Reynaldo Cisneros filed suit against Defendants Eric Williams and Franklin Credit Management Corporation in the 197th District Court in Cameron County, Texas. Dkt. No. 1-1, p. 10.

On July 16, 2021, Franklin Credit timely removed the case to this Court. Dkt. No. 1. Franklin Credit asserts that diversity jurisdiction exists because Williams has been improperly joined.

On August 10, 2021, Cisneros filed a motion to remand, asserting that Williams is properly joined and that the amount in controversy does not exceed $75,000. Dkt. No. 11. Franklin Credit has filed a response. Dkt. No. 17.

After reviewing the record and the relevant caselaw, it is recommended that the motion to remand be denied. Williams has been improperly joined and the amount in controversy exceeds $75,000.

## I. Background

### A. Factual Background

On August 12, 2005, Cisneros entered into two loan agreements related to his home on Royal Oak Drive in Brownsville, Texas. Dkt. No. 1-1, pp. 11-12. The agreement at issue in this case was a loan for $31,000 that served as a second lien on his home. <u>Id</u>. This loan was serviced by Franklin Credit. <u>Id</u>.

On December 1, 2020, Franklin Credit conducted a foreclosure sale, where the property was sold to Williams. Dkt. No. 1-1, pp. 12-13. Cisneros alleges that he was not

1

given proper legal notice of the acceleration of the note; the right to cure any defect; the right to reinstate the note after the acceleration; and, the notice of foreclosure. Id.

### B. Procedural Background

On June 25, 2021, Cisneros filed suit against Williams and Franklin Credit in the 197th District Court in Cameron County, Texas. Dkt. No. 1-1, p. 10.  Cisneros sued Franklin Credit for breach of contract for failing to supply the proper legal notices prior to the foreclosure sale. Id., p. 13.  He also sought a temporary restraining order to prevent Williams from evicting him from the home, but did not make any substantive claims against Williams. Id.

On June 29, 2021, the state court issued a temporary restraining order, prohibiting Williams from evicting Cisneros. Dkt. No. 1-1, p. 55.[1]

On July 16, 2021, Franklin Credit timely removed the case to this Court. Dkt. No. 1.  Franklin Credit asserts that diversity jurisdiction exists because (1) Cisneros and Franklin Credit are citizens of different states; (2) the value of the property exceeds $75,000 and (3) Williams has been improperly joined. Id.

On August 10, 2021, Cisneros filed a motion to remand, asserting that Williams is properly joined and that the amount in controversy has not been shown to exceed $75,000. Dkt. No. 11.

On August 31, 2021, Franklin Credit filed a response, reiterating that diversity jurisdiction is present. Dkt. No. 17.

---

[1] Under Texas law, an ex-parte temporary restraining order expires after fourteen days or the date that the state court holds a hearing on the matter. Tex. R. Civ. P. 680.  The order was issued on June 29, 2021.  No hearing was held in state court on the restraining order, because the case was removed to this Court before the hearing date. See Dkt. No. 1-1, p. 6 (setting the hearing for July 19, 2021; the case was removed on July 16, 2021). Given that no hearing was held, the state court order expired on July 13, 2021, which was 14 days after it was issued. See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 439 (1974) ("An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law."). There is no indication in the record that Cisneros has since been evicted.

## II. Applicable Law

### A. Diversity Jurisdiction

United States District Courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1).  The record is clear that Cisneros is a citizen of Texas; that Williams is also a citizen of Texas; and that Franklin Credit is a citizen of Delaware and New Jersey.  The dispute centers upon whether (1) Cisneros has a reasonable chance of recovery against Williams and, thus, whether Williams was properly joined as a defendant, and (2) whether the amount in controversy has been shown to exceed $75,000.

### B. Removal

As noted, the Court has "original jurisdiction" in cases premised upon diversity jurisdiction. § 1332(a)(1).  Furthermore, where a district court has "original jurisdiction" under federal law, such cases "shall be removable" to federal court. 28 U.S.C. § 1441(a)-(b).  The party seeking removal bears the burden of showing that jurisdiction exists and that removal is proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Jurisdiction is determined by examining the claims in the state court petition at the time of removal. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

### C. Improper Joinder

Under the improper joinder doctrine, a party may not defeat federal jurisdiction by naming as a defendant an improperly-joined non-diverse entity or individual. Salazar v. Allstate Texas Lloyd's, Inc., 455 F.3d 571, 574 (5th Cir. 2006).  There are two ways to establish that a defendant has been improperly joined: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242, 249 (5th Cir. 2011).  No fraud in pleading the facts has been alleged in this case, and none is otherwise evident. Accordingly, the first test is inapplicable here.

As to the second test, the question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Cuevas, 648 F.3d at 249. Thus, "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (5th Cir. 2004). Indeed, all "contested issues of fact and any ambiguities of state law must be resolved" in favor of the party opposing removal. Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003). Nevertheless, "a 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." Smallwood, 385 F.3d at 573 n. 9 (quoting Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 n. 4 (5th Cir. 2000)). With these principles in mind, the Court turns to the questions presented here.

## III. Analysis

The key issues in this case are: (1) whether Williams was improperly joined; and (2) whether the amount in controversy has been shown. The Court concludes that, despite allegations to the contrary, Williams was improperly joined and the amount in controversy exceeds $75,000. Accordingly, diversity jurisdiction exists and remand should be denied.

### A. Improper Joinder

The state court complaint that was operative at the time of removal did not state a claim to relief against Williams. The complaint noted that Williams purchased the property at a foreclosure sale and Cisneros sought a temporary restraining order to keep Williams from evicting Cisneros.

The Court must view these allegations under the Rule 12(b)(6) pleading standard. See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 201 (5th Cir. 2016) (the Court uses the federal pleading standard, as opposed to the state pleading standard, when determining if a defendant has been improperly joined). Injunctive relief – such as a temporary restraining order – "is an equitable remedy, not an independent cause of action." Morrison v. Wells Fargo Bank, N.A., No. 4:18-CV-2873,

2019 WL 885701, at *3 (S.D. Tex. Feb. 1, 2019), <u>report and recommendation adopted</u>, No. 4:18-CV-2873, 2019 WL 859781 (S.D. Tex. Feb. 22, 2019) (collecting cases).

Accordingly, Cisneros has pled no independent cause of action against Williams; he simply sought a court order prohibiting Williams from evicting him from the home.  In short, Cisneros has not pled any facts or any claims of wrongdoing by Williams.

It might be a different case if Cisneros had filed a claim for trespass to try title against Williams to show that he, and not Williams, is the rightful owner of the property. <u>See</u> <u>Rocha v. Campos</u>, 574 S.W.2d 233, 235 (Tex. Civ. App. 1978) ("In general, the action of trespass to try title suit is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession"); see also <u>Henke v. First S. Properties, Inc.</u>, 586 S.W.2d 617, 620 (Tex. Civ. App. 1979), <u>writ refused</u> <u>NRE</u> (June 18, 1980) ("One who bids upon property at a foreclosure sale does so at his peril.  If the trustee conducting the sale has no power or authority to offer the property for sale, or if there is other defect or irregularity which would render the foreclosure sale void, then the purchaser cannot acquire title to the property").  But, at this point, Cisneros has made no substantive claims against Williams, for which reason he has failed to state a claim to relief against Williams.

Furthermore, Cisneros's complaint against Franklin Credit is that it held an invalid foreclosure sale.  In cases where a third party purchases a home after an invalid foreclosure sale, the original homeowner is entitled to damages from the foreclosing party rather than the third-party buyer. <u>Wells Fargo Bank, N.A. v. Robinson</u>, 391 S.W.3d 590, 594 (Tex. App. 2012).  Accordingly, Cisneros's claim of wrongful foreclosure against Franklin Credit does not create a cause of action – or a remedy – against Williams.

As such, Williams was improperly joined and should be dismissed. <u>See</u> <u>Flagg v. Stryker Corp.</u>, 819 F.3d 132, 136 (5th Cir. 2016) ("if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the

remaining diverse defendant").[2]   It is recommended that Williams be dismissed without prejudice to refiling.  See Jackson v. AT&T Ret. Sav. Plan, 856 F. App'x 515, 516 (5th Cir. 2021) ("dismissal for failure to state a claim is presumed to be with prejudice unless the judgment explicitly states that it is not").  If Cisneros chooses to later file a substantive claim against Williams, the present case should not serve as res judicata to prevent such a claim from being fully litigated.

**B. Amount in Controversy**

Cisneros alleges that Franklin Credit has not established that the amount in controversy exceeds $75,000.  He is incorrect.

The complaint does not specify any amount of damages. Dkt. No. 1-1, p. 10.  As such, Franklin Credit has the burden to establish "by a preponderance of the evidence that the amount in controversy exceeds $75,000." Manguno v. Prudential Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

Cisneros seeks to have the foreclosure set aside on the grounds that Franklin Credit breached the contract by not sending the proper notices. Dkt. No. 1-1, p. 10.  "[I]f a plaintiff seeks to prevent or rescind the foreclosure of property, the amount in controversy is the value of the property that is the object of the litigation." Dempsey v. Deutsche Bank Nat'l Tr. Co., No. 1:20-CV-203, 2020 WL 7384687, at *3 (S.D. Tex. Dec. 16, 2020) (citing Farkas v. GMAC Mortg., L.L.C., 737 F.3d 338, 341 (5th Cir. 2013)).  Thus, the Court does not focus on Cisneros's equity in the home, but rather uses "any reasonable basis for valuing the properties," such as "purchase price, market value, or outstanding principal and interest," to determine the amount in controversy. Farkas, 737 F.3d at 341.

Cisneros argues that the amount in controversy should be determined by the value of his interest in the property, not the value of the property itself. Dkt. No. 11, p. 4 (citing Dobucki v. HSBC Bank USA, No. 4:11-CV-824-A, 2012 WL 647407, at *3 (N.D. Tex. Feb. 27, 2012)).  The Court finds that this argument is in direct conflict with the Fifth Circuit's holding that "[i]n actions enjoining a lender from transferring property and

---

[2] Williams has filed a motion to dismiss. Dkt. No. 18.  Based on the foregoing analysis, the motion to dismiss should be denied as moot.

preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." <u>Farkas</u>, 737 F.3d at 341.

This Court is bound by the holding in <u>Farkas</u> and must apply it to this case. <u>Campbell v. Sonat Offshore Drilling, Inc.</u>, 979 F.2d 1115, 1121 n.8 (5th Cir. 1992).

The Fifth Circuit has stated that the home value provided by a county appraisal district "is a common way the amount-in-controversy requirement is proven in the numerous foreclosure cases that have been removed to federal court in recent years." <u>Statin v. Deutsche Bank Nat. Tr. Co.</u>, 599 F. App'x 545, 546 (5th Cir. 2014).  Franklin Credit has submitted evidence that Cameron County assesses the market value of the property at $192,468. Dkt. No. 1-1, p. 69.

The Court finds that a preponderance of the evidence establishes that the value of the property – and the amount in controversy – exceeds $75,000.  Accordingly, diversity jurisdiction exists and the motion to remand should be denied.

## IV. Recommendation

The motion to remand filed by Reynaldo Cisneros should be denied. Dkt. No. 11.

The claims made against Eric Williams in the state court complaint, Dkt. No. 1-1 should be dismissed without prejudice to refiling.

The motion to dismiss filed by Williams, Dkt. No. 18, should be dismissed as moot.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a <u>de novo</u> review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings

on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs.,</u>
<u>L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

      DONE at Brownsville, Texas on September 22, 2021.

                                      _____
                                        Ronald G. Morgan
                                        United States Magistrate Judge