United States District Court
Southern District of Texas
**ENTERED**
November 16, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| REYNALDO CISNEROS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:21-cv-106 | |
| § | | |
| ERIC WILLIAMS, <u>et al.</u>, § | | |
| Defendants. § | | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 25, 2021, Plaintiff Reynaldo Cisneros filed suit against Defendants Eric Williams[1] and Franklin Credit Management Corporation in the 197th District Court in Cameron County, Texas. Dkt. No. 1-1, p. 10. On July 16, 2021, Franklin Credit timely removed the case to this Court. Dkt. No. 1.

On July 16, 2021, Franklin Credit filed a counterclaim for a declaratory judgment that it properly foreclosed on Cisneros's home. Dkt. No. 3.

On July 27, 2021, Franklin Credit filed a motion for summary judgment, seeking a judgment that Cisneros take nothing and that Franklin Credit receive a declaratory judgment in its favor. Dkt. No. 6. Cisneros timely filed a response. Dkt. No. 12. Franklin Credit timely filed a reply brief. Dkt. No. 15.

After reviewing the record and the relevant caselaw, it is recommended that the motion for summary judgment be granted. Cisneros should take nothing and Franklin Credit should receive a declaratory judgment.

## I. Background

### A. Factual Background

On August 12, 2005, Cisneros entered into two loan agreements related to his home on Royal Oak Drive in Brownsville, Texas. Dkt. No. 1-1, pp. 11-12. The agreement at

---

[1] Williams has already been dismissed from the case. Dkt. Nos. 21, 28.

issue in this case was a loan for $31,000 that served as a second lien on his home. Id.  This loan was serviced by Franklin Credit. Id.

On December 1, 2020, Franklin Credit conducted a foreclosure sale, where the property was sold to Williams. Dkt. No. 1-1, pp. 12-13.  Cisneros alleges that he was not given proper legal notice of the acceleration of the note; the right to cure any defect; the right to reinstate the note after the acceleration; and, the notice of foreclosure. Id.

**B. Procedural Background**

On June 25, 2021, Cisneros filed suit against Williams and Franklin Credit in the 197th District Court in Cameron County, Texas. Dkt. No. 1-1, p. 10.  Cisneros sued Franklin Credit for breach of contract for failing to supply the proper legal notices prior to the foreclosure sale. Id., p. 13.  He also sought a temporary restraining order to prevent Williams from evicting him from the home, but did not make any substantive claims against Williams. Id.

On June 29, 2021, the state court issued a temporary restraining order, prohibiting Williams from evicting Cisneros. Dkt. No. 1-1, p. 55.[2]

On July 16, 2021, Franklin Credit timely removed the case to this Court. Dkt. No. 1.  On that same day, Franklin Credit filed an answer, in which it sought a counterclaim for a declaratory judgment that it properly foreclosed on Cisneros's home. Dkt. No. 3.

On July 27, 2021, Franklin Credit filed a motion for summary judgment, asserting that it "complied with all notice requirements before foreclosing." Dkt. No. 6, p. 4.  It stated that under Texas law, it was required to send Cisneros notice of the acceleration by regular mail and that service was completed when the notice was mailed, not when it was received

---

[2] Under Texas law, an ex-parte temporary restraining order expires after fourteen days or the date that the state court holds a hearing on the matter. Tex. R. Civ. P. 680.  The order was issued on June 29, 2021.  No hearing was held in state court on the restraining order, because the case was removed to this Court before the hearing date. See Dkt. No. 1-1, p. 6 (setting the hearing for July 19, 2021; the case was removed on July 16, 2021). Given that no hearing was held, the state court order expired on July 13, 2021, which was 14 days after it was issued. See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 439 (1974) ("An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law."). There is no indication in the record that Cisneros has since been evicted.

by Cisneros. Id. Franklin Credit submitted an affidavit from Max Murphy – an attorney retained to carry out the foreclosure – that the notice of acceleration was mailed to Cisneros via certified mail and was also sent by first class mail to Cisneros at his last known address. Dkt. No. 6-1, p. 52.

Franklin Credit also submitted an affidavit from Jacob Smith – who is employed by the mailing company that Murphy hired to send the notices to Cisneros – reflecting that the notices were sent to Cisneros by both first class mail and by certified mail. Dkt. No. 6-1, p. 55.

On August 10, 2021, Cisneros filed a response to the motion for summary judgment. Dkt. No. 12. Cisneros argues that (1) Franklin Credit "has failed to show that regular mail was sent to Plaintiff," beyond the affidavits from Murphy and Smith; and (2) the certified mail receipt signature is forged. Id.

On August 17, 2021, Franklin Credit filed a reply brief, arguing that its evidence was prima facie evidence of notice, sufficient to meet the standard under Texas law. Dkt. No. 15.[3]

## II. Applicable Law

### A. Diversity Jurisdiction

United States District Courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Court has already found that diversity jurisdiction is present in this case. Dkt. Nos. 21, 28.

"Because federal jurisdiction in this case is based on diversity of citizenship, the court must apply Texas law when determining substantive issues." Finnicum v. Wyeth, Inc., 708 F. Supp. 2d 616, 619 (E.D. Tex. 2010) (referencing Foradori v. Harris, 523 F.3d 477, 486 (5th Cir. 2008)). "If no state court decisions control, [a federal court] must make

---

[3] The Court waited to address this pending motion for summary judgment until the motion to remand and motion to amend filed by Cisneros were addressed by the Court. Dkt. Nos. 11, 22, 27, 28.

an 'Erie[4] guess' as to how the Texas Supreme Court would apply state law." Beavers v. Metro. Life Ins. Co., 566 F.3d 436, 439 (5th Cir. 2009) (footnote added).

That being said, the motion for summary judgment must be decided using the procedures established by FED. R. CIV. P. 56. Barrett Computer Services, Inc. v. PDA, Inc., 884 F.2d 214, 217 n 3 (5th Cir. 1989); C.R. v. American Institute for Foreign Study, Inc., 2013 WL 5157699, *3 (W.D. Tex. 2013) (unpubl.).

**B. Summary Judgment**

Summary judgment is appropriate when the moving party has established that the pleadings, depositions, answers to interrogatories, admissions, and affidavits – if any – demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A genuine issue is "real and substantial, as opposed to merely formal, pretended, or a sham." Bazan v. Hidalgo Cnty., 246 F.3d 481, 489 (5th Cir. 2001). A material fact is one that might influence the outcome of the suit. Id. Accordingly, a "genuine issue of material fact exists where evidence is such that a reasonable jury could return a verdict for the non-movant." Piazza's Seafood World, L.L.C. v. Odom, 448 F.3d 744, 752 (5th Cir. 2006).

If "the nonmoving party will bear the burden of proof at trial on a dispositive issue," then "a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

Moreover, "[i]f the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." Norwegian Bulk Transport A/S v. International Marine Terminals Partnership, 520 F.3d 409, 412 (5th Cir. 2008). The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. Id.

---

[4] Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).

Additionally, the Court must review all evidence in the light most favorable to the non-moving party. Piazza's Seafood World, 448 F.3d at 752.  Factual controversies must be resolved in favor of the non-moving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Murungi v. Xavier Univ. of La., 313 Fed. App'x. 686, 688 (5th Cir. 2008) (unpubl.) (citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).  Thus, "in the absence of proof," the court cannot "assume that the nonmoving party could or would prove the necessary facts." Little, 37 F. 3d at 1075.  Finally, "a court should not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment." Chacon v. Copeland, 577 Fed. App'x. 355, 360 (5th Cir. 2014) (unpubl.) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)) (internal quotations omitted).

**C. Notice**

Under Texas law, "the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given." Tex. Prop. Code § 51.002(d).

State law further states that "[s]ervice of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." Tex. Prop. Code § 51.002(e). In other words, the bank's duty is complete when the notice is placed in the mail, as opposed to when it is received by the debtor.

A "violation of the statute is established when it is shown that the holder of the debt (1) had in its records the most recent address of the debtor, and (2) failed to mail the notice by certified mail to that address." WTFO, Inc. v. Braithwaite, 899 S.W.2d 709, 720 (Tex. App.—Dallas 1995) (citing Onwuteaka v. Cohen, 846 S.W.2d 889, 892 (Tex. App. Houston [1st Dist.] 1993)).

5

**D. Declaratory Judgment**

The Declaratory Judgment Act permits federal courts to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).

The Court must engage in a three-step analysis in determining whether to permit a declaratory judgment claim to proceed: (1) whether jurisdiction exists; (2) whether the Court has the authority to grant the requested relief; and (3) how to exercise its broad discretion to decide or dismiss the action. Sasol N. Am., Inc. v. GTLPetrol, L.L.C., 682 F. App'x 312, 314 (5th Cir. 2017) (citing Orix Credit All., Inc. v. Wolfe, 212 F.3d 891, 895 (5th Cir. 2000)).

**III. Analysis**

The key issue in this case is whether Franklin Credit gave proper notice to Cisneros before foreclosing on his home. Cisneros has claimed that Franklin Credit breached the terms of the contract and violated Texas law by failing to provide the required notices.[5] The Court must also consider whether Franklin Credit is entitled to a declaratory judgment that it lawfully foreclosed on Cisneros. The Court will examine each position.

**A. Breach of Contract**

In order to state a claim for breach of contract under Texas law, Cisneros must introduce evidence of the following elements: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." Smith Int'l, Inc. v. Egle Grp., LLC, 490 F.3d 380, 387 (5th Cir. 2007).

The deed of trust and the note are a valid contract. Gregory v. Bank of Am., N.A., No. 04-16-00435-CV, 2017 WL 2561561, at *3 (Tex. App. June 14, 2017). The note in the instant case required the servicer to give Cisneros written notice of default and a 21-

---

[5] In his response to the motion for summary judgment, Cisneros only argues that the lack of notice violated Texas law. He does not, however, address the breach of contract claim. Dkt. No. 6. For the sake of completeness, the Court will address both claims because both are raised in the complaint and in Franklin Credit's motion for summary judgment.

day period to cure the default. Dkt. No. 6-1, pp. 9-10. Furthermore, the duty to give notice is satisfied when the notice is mailed. Id., p. 10.

The Court turns to whether Cisneros tendered performance. Cisneros breached the contract by failing to timely make payments. In most cases, the failure to timely make a payment would release Franklin Credit of its contractual obligations. In short, "[i]t is a well-established rule that a party to a contract who is in default cannot maintain a suit for its breach." Garcia v. Kastner Farms Inc., 789 S.W.2d 656, 660 (Tex. App. 1990).

The notice provisions in the contract, however, only come into effect when Cisneros is already in breach of the agreement. In other words, Cisneros's default is what gives rise to Franklin Credit's notice obligations. If the Court held that Cisneros's default relieved Franklin Credit of its obligations, it would turn the notice provisions into a contractual nullity. Gatling v. CitiMortgage, Inc., No. CIV.A. H-11-2879, 2013 WL 1625126, at *6 (S.D. Tex. Apr. 15, 2013) (collecting cases). Instead, the Court believes that Cisneros tendered the necessary performance for Franklin Credit to be required to send the notices.

In considering whether Franklin Credit breached the contract, the Court considers whether it timely sent the required notices. On September 1, 2020, Franklin Credit sent Cisneros a notice of default, giving him until October 6, 2020, to cure the default. Dkt. No. 6-1, p. 42. If Cisneros paid the approximately $3,400, the default would be cured, and acceleration would be avoided. Id. The notice was sent both by certified mail and first-class mail. Id, pp. 42-47. The notice was sent in accordance with the contract and afforded Cisneros at least 21 days to cure the default. Accordingly, Franklin Credit timely gave the required notices and did not breach the agreement. Summary judgment is appropriate as to the breach of contract claim.

**B. Texas Law**

Under Texas law, a mortgage servicer must send a notice of acceleration to a homeowner, giving them at least 21 notice prior to a foreclosure sale. § 51.002(b).

In his affidavit, Smith states that he mailed the notice of acceleration on November 4, 2020, to Cisneros at his last known address. Dkt. No. 6-1, p. 55. The sale did not occur until December 1, 2020, giving Cisneros at least 26 days to cure the default.

Moreover, under Texas law, Smith's affidavit - one who was employed by the firm to send the notices - is prima facie evidence that service occurred. § 51.002(e) ("The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service"). Texas law is also quite clear that service is completed "when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." Id. "Actual receipt of the notice is not necessary," because § 51.002 "requires only that the mortgagee provide constructive notice of an intent to foreclose." Santiago v. Bank of New York Mellon, No. 05-17-00144-CV, 2017 WL 4946095, at *5 (Tex. App. Nov. 1, 2017). Accordingly, the statute and the Court presume that Cisneros had constructive notice of Franklin Credit's intent to accelerate and foreclose.

Cisneros can overcome this presumption by showing that the notice was improperly mailed, such that the mailing "was returned to the sender for failure of delivery." Punzalan v. F.D.I.C., 633 F. Supp. 2d 406, 414 (W.D. Tex. 2009). Cisneros has not disputed that Franklin Credit sent notice to the proper address and has provided no evidence that the mailing was fatally deficient in any way.

Instead, Cisneros has focused on whether he actually received the notice, by attacking the validity of the certified mail receipt signature. There is no requirement in § 51.002 that Cisneros actually receive the notice, just that the notice be properly mailed to him. Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249, 256 (5th Cir. 2013). Because Cisneros has provided no evidence to overcome Franklin Credit's prima facie evidence of mailing, the Court finds that he was given constructive notice under § 51.002(d).

Furthermore, it is not even clear that failure to give proper notice under § 51.002 is an independent cause of action. See Rucker v. Bank of Am., N.A., 806 F.3d 828, 830 (5th Cir. 2015) (noting that most courts find that there is no independent cause of action, but that such a violation is really a claim for wrongful foreclosure); Carey v. Fargo, No. CV H-15-1666, 2016 WL 4246997, at *3 (S.D. Tex. Aug. 11, 2016) (collecting cases holding that § 51.002 provides no private right of action)  Thus, if it is an independent cause of

8

action, the Court finds that summary judgment is appropriate because the required notices were timely sent. At the same time, if it is a claim for wrongful foreclosure, it also fails.

"The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App. 2008). Even if the Court were to assume that Franklin Credit violated § 51.002, and that such violation constituted a defect in the sale, Cisneros has provided no evidence of a grossly inadequate selling price. Additionally, Cisneros has failed to show that there was a causal connection between the lack of notice and the selling price. Accordingly, summary judgment is also appropriate as to this claim.

### C. Declaratory Judgment

In its counterclaim, Franklin Credit seeks a declaratory judgment that it properly foreclosed on the home. The facts support this result.

As previously noted, the Court engages in a three-step analysis in determining whether to permit a declaratory judgment claim to proceed: (1) whether jurisdiction exists; (2) whether the Court has the authority to grant the requested relief; and (3) how to exercise its broad discretion to decide or dismiss the action. Sasol N. Am., 682 F. App'x at 314.

As to the first step, the Court finds that diversity jurisdiction exists between Franklin Credit and Cisneros. The Court further finds that Franklin Credit has standing. Cisneros has already sued Franklin Credit over the foreclosure; "The threat of litigation, if specific and concrete, can indeed establish a controversy upon which declaratory judgment can be based." Orix Credit, at 897. Thus, jurisdiction is present.

In the second step, "a district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under [28 U.S.C. § 2283]." Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 388 n.1 (5th Cir. 2003). These tests are listed in the conjunctive. Id. The final test involves § 2283, which is the Anti-Injunction Act. That law prohibits federal courts from interfering in state court

proceedings. This law, however, only applies to ongoing state court proceedings. Dombrowski v. Pfister, 380 U.S. 479, 485 n. 2 (1965). The declaratory judgment sought by Franklin Credit does not seek to enjoin any ongoing state proceedings. Thus, the Court has the authority to grant the requested relief.

As to the third step, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). Franklin Credit seeks a declaratory judgment that Cisneros was "provided all notice of default, acceleration and foreclosure sale required by law and that the foreclosure sale conducted on December 1, 2020 validly conveyed title of the Property to Williams." Dkt. No. 3, p. 9. Thus, the Court must consider whether a declaratory judgment is appropriate.

Numerous district courts across the country have held that a "motion for declaratory judgment that merely restates a party's defense is insufficient unless the party can prove that there are issues of greater ramification to be resolved." Hanson Aggregates, Inc. v. Roberts & Schaefer Co., 2006 WL 2285575, at *3 (N.D. Tex. Aug. 9, 2006); Aquavit Pharms., Inc. v. U-Bio Med, Inc., 2020 WL 4504737, at *2 (S.D.N.Y. Aug. 5, 2020); Illiana Realty, LLC v. Whebbe Pink Dogwood I, LLC, 2020 WL 6434492, at *3 (C.D. Ill. Nov. 2, 2020); U.S. v. Land O'Lakes, Inc., 2017 WL 706346, at *11 (W.D. Okla. Feb. 22, 2017); Aviva USA Corp. v. Vazirani, 902 F. Supp. 2d 1246, 1273 (D. Ariz. 2012); Sprint Nextel Corp. v. Simple Cell, Inc., 2014 WL 883982, at *2 (D. Md. Mar. 4, 2014).

To the extent that Franklin Credit merely seeks a declaratory judgment, that it complied with the notice provisions, such a judgment would be duplicative of its defenses to Cisneros's petition. Hanson Aggregates, 2006 WL 2285575, at *3. However, the request for a declaratory judgment that the foreclosure sale properly conveyed title to Williams goes beyond that, in that such a judgment would essentially bar any future claims by Cisneros regarding any other improprieties in the sale. As such, the Court finds that there is an issue of greater ramification that should be resolved: whether Franklin Credit properly foreclosed on Cisneros.

The Court reviews a foreclosure "with a presumption that all prerequisites to the sale have been performed." Saravia v. Benson, 433 S.W.3d 658, 663 (Tex. App. 2014). That presumption is not conclusive and may be rebutted. Id. If the substitute trustee's deed recites compliance with all conditions of the deed of trust, it is considered "prima facie evidence of the validity of the foreclosure sale, including the prerequisite of timely service of notice of sale on the debtor(s)." Deposit Ins. Bridge Bank, N.A., Dallas v. McQueen, 804 S.W.2d 264, 266 (Tex. App. 1991). Franklin Credit has submitted a copy of the substitute trustee's deed, which stated that all prerequisites were complied with. Dkt. No. 6-1, pp. 66-68.

The only claims that Cisneros has made regarding the foreclosure is that Franklin Credit did not provide the required notices. As previously discussed, those arguments are not supported by the law or the facts. As such, Cisneros has failed to rebut the prima facie evidence contained in the substitute trustee's deed. Deposit Ins. Bridge Bank, 804 S.W.2d at 267. Furthermore, Cisneros has not rebutted the presumption that all prerequisites to the foreclosure sale have been performed. Saravia, 433 S.W.3d at 663. As such, the Court should issue a declaratory judgment that Franklin Credit completed all prerequisites to foreclose and that the foreclosure sale was legally valid. Bowie Nat. Bank v. Stevens, 532 S.W.2d 67, 69 (Tex. 1976) ("Since all of the requirements of the deed of trust were complied with, the foreclosure sale was valid").

**IV. Recommendation**

The motion for summary judgment filed by Franklin Credit Management Corporation should be granted. Dkt. No. 6. The Court should issue a judgment that Plaintiff Reynaldo Cisneros take nothing in this action.

The Court should further issue a declaratory judgment that Franklin Credit complied with all legal prerequisites to foreclosure and validly foreclosed on the property at 1963 Royal Oak Drive, Brownsville, Texas, 78520, and more particularly described as:

> LOT 45, BLOCK 1, NORTHWOOD SUBDIVISION NO. 3; CAMERON COUNTY, TEXAS, ACCORDING TO MAP RECORDED IN CABINET 1, PAGE 2143-A, MAP RECORDS, CAMERON COUNTY, TEXAS.

The judgment should also declare that the foreclosure sale was legally and properly conducted on December 1, 2020.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on November 16, 2021.

_____
Ronald G. Morgan
United States Magistrate Judge